932 So.2d 860 (2006)
Michael WALTERS a/k/a "Big Mike", Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01788-COA.
Court of Appeals of Mississippi.
February 14, 2006.
Rehearing Denied June 27, 2006.
David Lydell Tisdell, attorney for appellant.
Office of the Attorney General by Jose Benjamin Simo, attorney for appellee.
Before MYERS, P.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Michael Walters ("Walters") was convicted of one count of armed carjacking and one count of aggravated assault in the Circuit Court of Coahoma County. Walters was sentenced to twenty years in the custody of the Mississippi Department of Corrections ("MDOC") for each count, with the sentences to run concurrently. Aggrieved by his conviction and sentence, Walters appeals. Finding no error, we affirm.

*861 FACTS
¶ 2. On the evening of May 15, 2003, Walters and a man named Claude Wilborn ("Wilborn") traveled to Clarksdale, Mississippi. They subsequently picked up Walters's girlfriend, Kuayla Turner ("Turner").
¶ 3. On the same evening, Dante Owens ("Owens") was allegedly carjacked after leaving the home of his brother. Owens additionally received a gunshot wound to the thigh in the course of the alleged carjacking. Owens stated that, while en route to his brother's house that evening, he noticed a two-tone blue car following him. Owens stated that the vehicle turned down the street that his brother lived on, and then turned around and left. Owens entered his brother's home for a few minutes, and began to approach his vehicle, a burgundy 1990 Chevrolet Caprice. As he lifted the door handle on his car, Owens was approached by an African American male weighing approximately 250-265 pounds, wearing a mask partially covering his face and carrying a gun. The masked male ordered Owens to get in the trunk of the vehicle, but Owens refused. After a brief verbal exchange in which the masked male pointed the gun at Owens and repeatedly threatened to kill him, the masked male shot Owens in the thigh, at which point Owens was able to flee to a neighbor's house. Owens then witnessed his vehicle fleeing the scene, and immediately called the police. Police arrived at the scene shortly thereafter, and found a.380 caliber shell casing, though no gun or bullet was ever recovered. An ambulance drove Owens to a nearby hospital.
¶ 4. After being discharged from the hospital, Owens and his brother drove to Quitman County to attempt to investigate the carjacking. While in Quitman County, Owens and his brother spotted a two-tone blue car which appeared to be the one Owens saw turn down his street before the carjacking. Subsequently, Owens's stolen car was found in Quitman County, where someone had burned it on the side of a road.
¶ 5. During the course of the following investigation, officers arrested Walters as a suspect, as he fit the description given by Owens and eyewitnesses had reported suspicious activity by Walters on the morning following the alleged carjacking. Witnesses stated that they saw Walters in Lambert, Mississippi, which is located in Quitman County, as early as five or six a.m. on the morning following the carjacking. Additionally, one eyewitness reported seeing Walters ducking behind a house when the police drove by that morning. There were also eyewitness reports of a reddish car parked behind Walters's grandparents' house on the morning following the carjacking, and one eyewitness report of Walters driving a maroon Chevrolet sedan that morning. Walters additionally owns a two-tone blue Chevrolet sedan.
¶ 6. Walters contended, however, that on the evening of the alleged carjacking, Wilborn had taken the blue two-tone car back to Lambert, Mississippi, while he and Turner had continued on to Batesville, Mississippi, where they stayed until 3:30 a.m. Turner additionally stated that she and Walters were in Batesville on the evening of the alleged carjacking, where they stayed at the Skyline Hotel until approximately 3:30 a.m. Walters was indicted, tried, and found guilty of aggravated assault and armed carjacking by a jury in the Circuit Court of Coahoma County. Walters was sentenced to twenty years in the custody of the MDOC for each count, with the sentences to run concurrently. Aggrieved by his conviction and sentence, Walters appeals, asserting: (1) that the judgment and sentence was against the *862 overwhelming weight of the evidence and insufficient as a matter of law to sustain the conviction of armed carjacking; and (2) that the judgment and the sentencing was against the overwhelming weight of the evidence and insufficient as a matter of law to sustain the conviction of aggravated assault.

STANDARD OF REVIEW
¶ 7. "In determining whether a jury verdict is against the overwhelming weight of the evidence, we must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Walker v. State, 881 So.2d 820, 831(¶ 32) (Miss. 2004). The State must be given "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Baker v. State, 802 So.2d 77, 81(¶ 14) (Miss.2001) (citation omitted).

ISSUES AND ANALYSIS

I. Whether the judgment and sentence was against the overwhelming weight of the evidence and insufficient as a matter of law to sustain the conviction of armed carjacking.
¶ 8. Mississippi Code Annotated § 97-3-117(2)(b) (Rev.2000) defines armed carjacking, stating: "Whoever commits the offense of carjacking while armed with or having readily available a dangerous or deadly weapon . . . shall be guilty of armed carjacking." "Carjacking" is defined as "taking of a motor vehicle from another person's immediate actual possession knowingly or recklessly by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, or attempting to do so, or by any other means." Miss.Code Ann. § 97-3-115(a) (Rev.2000).
¶ 9. Owens described his assailant as an African American male weighing approximately 250-265 pounds. Walters fit this description. Walters's two-tone blue car fit the description of the one seen following Owens on the night of the carjacking. Eyewitnesses testified to seeing a reddish car parked behind Walters's grandparents' home on the morning following the carjacking, and further testified to seeing Walters driving a maroon Chevrolet sedan that day, which matches the description of the vehicle stolen from Owens in the carjacking. Additionally, Walters was reportedly acting suspicious on the morning following the carjacking, as one eyewitness testified to seeing him duck behind a house when police drove by. Owens additionally testified to being held at gunpoint by his assailant, and subsequently being shot in the thigh, after which he was admitted to the hospital. Furthermore, a .380 caliber shell casing was found by police at the scene of the alleged carjacking, though no weapon or bullet was ever recovered. Viewing this evidence in the light most favorable to the State and allowing all favorable inferences which may be drawn from it, we find it fully sufficient to support a jury verdict convicting Walters of armed carjacking. We therefore affirm as to this assignment of error.

II. Whether judgment and sentence was against the overwhelming weight of the evidence and insufficient as a matter of law to sustain the conviction of aggravated assault.
¶ 10. Mississippi Code Annotated § 97-3-7(2) defines aggravated assault, stating:

*863 A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm.
¶ 11. Owens was shot in the thigh during the course of the carjacking, in circumstances from which jurors could infer the purposeful or knowing intent to injure another with a deadly weapon. Owens stated that his assailant had a gun, with which he shot Owens after repeatedly threatening to kill him. Police further found a .380 caliber shell casing at the scene of the incident. That evidence, when taken as true and allowed all reasonable inferences, coupled with the reasoning outlined in the above discussion of armed carjacking, is clearly sufficient to support a jury verdict convicting Walters of aggravated assault. Accordingly, we find this assignment of error to be without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF ARMED CARJACKING: SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS; CONVICTION OF AGGRAVATED ASSAULT: SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH BOTH SENTENCES TO RUN CONCURRENTLY, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. SOUTHWICK AND ROBERTS, JJ., NOT PARTICIPATING.