926 So.2d 269 (2006)
Debra Fay VAUGHN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-00978-COA.
Court of Appeals of Mississippi.
April 11, 2006.
*270 David Clay Vanderburg, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
EN BANC.
BARNES, J., for the Court.
¶ 1. Debra Fay Vaughn appeals her conviction in the Circuit Court of DeSoto County for aggravated assault, assigning as error the trial court's failure to issue a peremptory instruction regarding self-defense. Throughout the trial, Vaughn contended that she stabbed Lashondra Taylor in self-defense; however, the jury rejected Vaughn's contention and found her guilty of aggravated assault. Finding no error in the trial court's refusal to grant a peremptory instruction, we affirm.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On June 14, 2004, Vaughn arrived at her temporary residence with Kenivel Smith in Southaven, Mississippi, and was alerted that Smith had another female visitor. Upon entering the house, Vaughn discovered Lashondra Taylor, Smith's girl-friend,[1] and requested that she leave the house. Apparently, Vaughn and Taylor had a stormy relationship, and a verbal altercation immediately erupted when Vaughn entered the bedroom. Knowing of the violent history between Vaughn and Taylor, Smith attempted to separate the two women before the verbal altercation escalated. However, once the two women entered the kitchen, Vaughn stabbed Taylor twice with a kitchen knife, once in the shoulder and once in the neck. At trial, Vaughn, one of her children, and one of her niece's children alleged that Taylor struck Vaughn with a closed fist prior to the stabbing. Moreover, the children and Vaughn alleged that, following the stabbing, Taylor exited the house to retrieve a gun while stating that she was going to kill Vaughn. However, Smith and Taylor left the house in Taylor's car and proceeded to the nearest hospital. No firearm was recovered from Taylor, Taylor's car, or Smith's house.
¶ 3. Following a one-day trial with five witnesses, the jury returned a guilty verdict to the charge of aggravated assault against Vaughn. Vaughn was thereafter sentenced to a term of eight years in the custody of the Mississippi Department of Corrections, with three years to serve followed by five years of post-release supervision. Additionally, the court ordered Vaughn to pay restitution and court costs and to attend a program on anger management. Vaughn appeals the jury verdict and asserts one assignment of error: that the trial court erred in denying her request *271 for a peremptory instruction, as the jury's guilty verdict was contrary to the overwhelming weight of the evidence.

STANDARD OF REVIEW
¶ 4. "The standard of review for a denial of a directed verdict, peremptory instruction, and a JNOV are identical." Hawthorne v. State, 835 So.2d 14, 21(31) (Miss.2003). A motion for a directed verdict and a request for a peremptory instruction challenge the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The Court reviews the trial court's finding regarding the sufficiency of the evidence at the time the motion for a directed verdict or peremptory instruction is overruled. Holloman v. State, 656 So.2d 1134, 1142 (Miss.1995). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Bush v. State, 895 So.2d 836, 843(16) (Miss.2005). However, a motion for a new trial challenges the weight of the evidence. Hawthorne, 835 So.2d at 21. When reviewing a denial of a motion for a new trial, this Court "will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Bush, 895 So.2d at 844(¶ 18) (citing Herring v. State, 691 So.2d 948, 957 (Miss.1997)).

I. WHETHER THE TRIAL COURT ERRED IN DENYING VAUGHN'S MOTION FOR A PEREMPTORY INSTRUCTION.
¶ 5. Following the close of the State's case, Vaughn's attorney moved for a directed verdict, stating, "We feel the state has failed to prove the essential elements of aggravated assault." The State responded that it had met its burden, as it had provided evidence that Vaughn stabbed Taylor, caused serious injury to Taylor, and caused the injury through use of a deadly weapon. The court denied Vaughn's motion for directed verdict, stating that "the testimony of the victim was that the Defendant did stab her. There is corroboration from the officer who saw the injuries and the photographs. Certainly, the court feels adequate proof, as regards to the directed verdict, that the burden has been met by the State." Subsequently, the defense rested, and the court heard arguments regarding jury instructions. Specifically, the defense renewed its argument for directed verdict. The trial court treated the motion as a peremptory instruction and denied the instruction.
¶ 6. Vaughn's argument centers on her self-defense claim. Vaughn contends that the trial court should have granted a directed verdict or issued a peremptory jury instruction based upon her evidence of self-defense. However, as stated earlier, all evidence is viewed in the light most favorable to the State when reviewing such a motion. Bush, 895 So.2d at 843. Therefore, if there is sufficient evidence to support the jury verdict, the motion for a directed verdict and a request for a peremptory instruction should be overruled.
¶ 7. In order to establish that Vaughn committed aggravated assault, the State was required to prove that Vaughn purposely or knowingly attempted to cause or caused bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm. Miss.Code Ann. § 97-3-7(2) (Rev. 2004). We find that the State presented credible evidence that Vaughn knowingly stabbed Taylor with a knife causing serious bodily injury to Taylor. In fact, Vaughn did not dispute that she knowingly stabbed Taylor. In Vaughn's signed, typewritten statement *272 that was admitted into evidence, she stated, "I saw a knife on the kitchen table, the blade was about 4 inches long and the handle was about 4 or 5 inches long. I then stabbed [Taylor], I am not sure where I stabbed her but Latasha, my oldest daughter told me she was bleeding." Therefore, the State met its burden of proving the assault as the evidence was clearly sufficient to sustain a finding by a reasonable juror that Vaughn did not stab Taylor in self-defense. Vaughn's self-defense theory went toward the jury's determination as to whether reasonable doubt existed. Smith v. State, 754 So.2d 1159, 1164(15) (Miss.2000). The jury obviously found that Vaughn's self-defense contention did not create reasonable doubt.
¶ 8. First, Taylor testified that she did not strike Vaughn and that she (Taylor) did not possess any weapon on the day in question. The jury had every right to believe Taylor's testimony instead of Vaughn's. Even taking Vaughn's description of the incident as true, the jury still had sufficient evidence to sustain the conviction. More specifically, assuming Vaughn's version of the altercation was true and that Taylor did strike Vaughn prior to the stabbing, a reasonable, hypothetical juror could still reject Vaughn's self-defense claim after assessing the reasonableness of Vaughn's apprehension of the events. In other words, the jury could have found that Vaughn was not in imminent danger and used more force than reasonably necessary to repel Taylor's assault. Therefore, Vaughn's argument that the jury did not have sufficient evidence to convict Vaughn of aggravated assault is without merit.
¶ 9. As to Vaughn's challenge to the weight of the evidence, this Court "will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Bush, 895 So.2d at 844(¶ 18) (citing Herring v. State, 691 So.2d 948, 957 (Miss. 1997)). Once again, the jury was entitled to weigh the credibility of each witness. The court in Bush noted:
We have stated that on a motion for a new trial, the court sits as a thirteenth juror. The motion however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.
Id. Vaughn has failed to overcome this burden. Specifically, the State provided ample evidence that Vaughn's attack was not in self-defense. Vaughn has not established that her evidence "preponderates heavily against the verdict." Id. As such, this issue is without merit.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THREE YEARS TO SERVE AND FIVE YEARS OF POST-RELEASE SUPERVISION, AND RESTITUTION OF $3,860 AND $100 TO THE CRIME VICTIMS COMPENSATION FUND, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] Vaughn and Taylor both claimed to be Smith's girlfriend at the time of the assault. Vaughn temporarily resided with Smith and was the mother to one of Smith's children. However, Smith slept at Taylor's house on the night before the incident.