ISHEE, J.,
 

 for the Court:
 

 ¶ 1. Brian Keith Martin was tried and convicted of manslaughter. The Circuit Court of Copiah County court sentenced
 
 *505
 
 him to twenty years in the custody of the Mississippi Department of Corrections (MDOC). Aggrieved by his conviction, Martin appeals. He asserts the following allegations of error:
 

 I. Martin was entitled to a judgment of acquittal based on the
 
 Weathersby
 
 rule because the State did not present eyewitness testimony that contradicted his version of events.
 

 II. The State failed to present legally sufficient evidence that Martin acted without authority of law, and Martin’s conviction is against the overwhelming weight of the evidence.
 

 III. Martin received ineffective assistance of counsel.
 

 Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Brian Martin is a paraplegic who is confined to a wheelchair. In March 2008, he lived in a house in Copiah County with his mother, Linda Martin. Also living at the house was Linda’s boyfriend, John Welch. Welch stood approximately six-foot-one-inch tall and weighed approximately 240 pounds. Welch had been injured in a car accident in 2005, which left him partially paralyzed on the left side of his body. Welch had been living with Linda in her house for approximately four months.
 

 ¶ 3. Linda’s birthday was on March 9, 2008, and Welch had planned to take her out to celebrate at a local club. Welch and Linda left the house at approximately 6:00 p.m., and returned home after midnight on the morning of March 10, 2008. Martin had been invited to Linda’s birthday party, but he remained at the house. Upon returning to the house, Linda and Welch went to their bedroom and prepared for bed. Martin was either in the hallway outside their bedroom or in the living room watching television.
 

 ¶ 4. Linda testified that the door to the bedroom was locked that night. Apparently, for approximately one month before the incident, Martin had been coming into Linda’s bedroom during the middle of the night. To prevent this, Linda and Welch had begun to lock their bedroom door. On the night of the incident, Linda said that Martin somehow opened the door and came into the bedroom. Linda testified that Welch got up from the bed, told Martin not to come into the bedroom anymore, and then went to close the door. At that time, Linda saw Martin stab Welch in the neck. Severely injured, Welch stumbled until he reached the kitchen, where he collapsed. Linda recognized the knife used to stab Welch as a knife from her kitchen.
 

 ¶ 5. According to Martin, before his mother and Welch returned home, he checked out her bedroom to make sure no one was in there. After they went into the bedroom, he heard Welch yell, “If the motherf-come [sic] in this room tonight, I’m gonna shoot that motherf-.” Martin testified that after hearing this, he became concerned that Welch “was seeing someone in the room.” Next, Martin testified that he picked the lock of the bedroom door, and when he opened the door, Welch “came out swinging.” As Welch was trying to hit him, Martin stabbed him in the neck. Additionally, Martin claimed that Welch tried to grab his hand and tried to choke him. Martin testified that, for protection, he always kept the knife under the cushion of his wheelchair. At the time of the incident, Martin was wearing gloves. He initially offered two reasons as to why he was wearing the gloves: (1) he needed to protect his hands because a wheel was coming off his wheelchair, and (2) he was repairing his clippers and needed the
 
 *506
 
 gloves to protect his hands. After the stabbing, Martin called 911 to report the incident.
 

 ¶ 6. When the police arrived, they found Martin in the back of the house screaming that Welch had tried to kill him. Martin had not removed the gloves, and he was still holding the knife with which he had stabbed Welch. At trial, Martin repeatedly testified that he had no problems with Welch and that he saw Welch as a mentor. However, Officer Michael Stogner, with the Hazlehurst Police Department, testified that Martin said that he did not want Welch in the house or with Martin’s mother. Officer Stogner admitted that those statements made by Martin were not included in the police report.
 

 ¶ 7. Dr. Stephen Hayne testified that Welch died from a single stab wound to the right side of the neck. He found that it traveled downward and penetrated approximately five inches. Dr. Hayne also noted a series of small superficial slash wounds on both of Welch’s hands. He described the slash wounds as defensive wounds.
 

 ¶ 8. At trial, the jury was instructed on murder and manslaughter. It returned a verdict finding Martin guilty of manslaughter, and the circuit court sentenced him to twenty years in the custody of the MDOC. Martin’s trial counsel did not file any post-trial motions requesting a judgment notwithstanding the verdict or a new trial. However, he did timely file a notice of appeal.
 

 DISCUSSION
 

 I.
 
 Weathersby
 
 Rule
 

 ¶ 9. In Martin’s first allegation of error, he claims the circuit court erred in refusing to order a judgment of acquittal based on the
 
 Weathersby
 
 rule. According to Martin, the State failed to present any witnesses who substantially contradicted Martin’s account of the stabbing. Martin further alleges that he was the only witness to the homicide and gave a reasonable version of the incident.
 

 ¶ 10. In
 
 Weathersby v. State,
 
 165 Miss. 207, 147 So. 481, 482 (1933) (citations omitted), the supreme court found the following:
 

 It has been for some time the established rule in this state that where the defendant or the defendant’s witnesses are the only eyewitnesses to the homicide, their version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the [Sjtate, or by the physical facts or by the facts of common knowledge.
 

 The application of
 
 Weathersby
 
 is a determination for the trial court, not the jury.
 
 Johnson v. State,
 
 987 So.2d 420, 425 (¶ 10) (Miss.2008) (citations omitted). It is a particularized standard by which a trial court must decide whether to grant a judgment of acquittal in a criminal prosecution.
 
 Id.
 

 ¶ 11. We do not find that the present case warranted application of the
 
 Weath-ersby
 
 rule. Martin’s allegation that there was not an eyewitness to the stabbing whose account contradicted his own is erroneous. His mother, Linda, testified that she witnessed the stabbing. Twice she stated that the only things that Welch did was walk to the door to close it and to tell Martin not to come into the bedroom anymore. Also, she said that Welch did not have anything in his hands and that he did not hit Martin.
 

 ¶ 12. As shown, this is not a case in which the defendant or the defendant’s witnesses were the only eyewitnesses to the homicide. The State offered its own eyewitness testimony; therefore,
 
 Weath-ersby
 
 is not applicable. Linda’s eyewit
 
 *507
 
 ness testimony substantially contradicted the testimony given by Martin. Accordingly, we find that the circuit court did not err in refusing to order a judgment of acquittal based on
 
 Weathersby.
 
 This issue is without merit.
 

 II. Sufficiency and Weight of the Evidence
 

 ¶ IB. In Martin’s second issue, he alleges that: (1) the State did not present legally sufficient evidence to establish Martin’s guilt, and (2) the overwhelming weight of the evidence did not support the guilty verdict. The State alleges that these issues are waived because Martin’s trial counsel did not file post-trial motions requesting a judgment notwithstanding the verdict or a new trial. Notwithstanding this failure, these issues are central to Martin’s allegation of ineffective assistance of counsel, so we will address their merits.
 

 A. Sufficiency of the Evidence
 

 ¶ 14. In reviewing whether the evidence is sufficient to sustain a conviction, the supreme court has stated that: “the critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.’ ”
 
 Bush v. State,
 
 895 So.2d 836, 843 (¶ 16) (Miss.2005) (quoting
 
 Carr v. State,
 
 208 So.2d 886, 889 (Miss.1968)). This inquiry does not require us to ask whether the evidence established the defendant’s guilt beyond a reasonable doubt.
 
 Id.
 
 (quoting
 
 Jackson v. Virginia,
 
 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Instead, this Court considers “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.”
 
 Id.
 
 (quoting
 
 Jackson,
 
 443 U.S. at 315, 99 S.Ct. 2781).
 

 ¶ 15. In this case, Martin was convicted of manslaughter. The elements of manslaughter are set forth in Mississippi Code Annotated section 97-3-35 (Supp.2009), which provides the following: “The killing of a human being, without malice, in the heat of passion, ... by the use of a dangerous weapon, without authority of law, and not in necessary self-defense, shall be manslaughter.” Martin contends that the State did not satisfy its burden of proving that he acted “without authority of law,” or that he did not act in “necessary self-defense.” Martin further argues that the State’s evidence conclusively established that Martin acted reasonably in defending himself.
 

 ¶ 16. Martin’s argument is not supported by the evidence. To support the element of the manslaughter, that Martin acted without authority of law, the State offered the testimony of Martin’s mother. Linda testified that Martin somehow unlocked her bedroom door in the middle of the night. She further testified that Welch got up, told Martin not to come into the bedroom again, and tried to close the door. According to Linda, Welch did not try to hit Martin; he only tried to close the bedroom door. When viewing Linda’s testimony in a light most favorable to the prosecution, Martin acted wholly without authority of law in stabbing Welch in the neck with a kitchen knife. We find that a rational tier of fact could have found that Martin did not act in self-defense and that he acted without authority of law. Accordingly, we find no merit to Martin’s claim that the State did not present sufficient evidence on this element of manslaughter.
 

 B. Weight of the Evidence
 

 ¶ 17. Next, Martin requests a new trial based on the overwhelming weight of the evidence. In reviewing a claim that
 
 *508
 
 weight of the evidence does not support a conviction, “we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Bush
 
 at 844 (¶ 18). On a motion for a new trial, “the court sits as a thirteenth juror. The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.”
 
 Id.
 
 We will view the evidence in the light most favorable to the verdict.
 
 Id.
 
 As with Martin’s sufficiency argument, he argues here that all of the evidence at trial conclusively established that he acted reasonably in defending himself from imminent bodily harm. He alleges that the jury reached a compromise verdict because it found that “someone had to pay for the death of [Welch].”
 

 ¶ 18. We find no support in the record for Martin’s argument. There was no evidence that the jury merely convicted Martin because it found that someone had to pay for Welch’s death. To the contrary, the State presented evidence that Martin killed Welch without any provocation on Welch’s part. As we found while reviewing Martin’s sufficiency argument, the evidence was far from conclusive that Martin acted in self-defense. When reviewing the evidence in a light most favorable to the verdict, we do not find that the verdict is against the overwhelming weight of the evidence. Furthermore, we do not find that allowing Martin’s conviction to stand would sanction an unconscionable injustice. Accordingly, we find that this issue is without merit.
 

 III. Ineffective Assistance of Counsel
 

 ¶ 19. Lastly, Martin alleges that he received ineffective assistance of counsel from his trial counsel. To support Martin’s claim, he points to the fact that his trial counsel failed to file any post-trial motions requesting a new trial or a judgment notwithstanding the verdict. Martin concludes that this deficiency requires the reversal of his conviction.
 

 ¶ 20. To prove a claim for ineffective assistance of counsel, an appellant bears the burden to show that: (1) his counsel’s performance was deficient, and (2) the deficient performance prejudiced his defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order for an appellant to prove that his defense was prejudiced, he must show a reasonable probability that, but for his attorney’s errors, the result of his trial would have been different.
 
 Watts v. State,
 
 981 So.2d 1034, 1039 (¶ 12) (Miss.Ct.App.2008) (citing
 
 Rankin v. State,
 
 636 So.2d 652, 656 (Miss.1994)). It is presumed that trial counsel’s performance fell within a wide range of reasonable professional assistance.
 
 Id.
 
 (citing
 
 Rankin,
 
 636 So.2d at 656).
 

 ¶ 21. In
 
 Weaver v. State,
 
 996 So.2d 142, 147 (¶ 19) (Miss.Ct.App.2008), this Court addressed a similar claim of ineffective assistance of counsel based on trial counsel’s failure to file post-trial motions. Finding no merit to Weaver’s claim of ineffective assistance of counsel, we reasoned that:
 

 Weaver’s final instance of the alleged ineffectiveness of his trial counsel was his trial counsel’s failure to file a motion for a new trial or a judgment notwithstanding the verdict. We do note that Weaver’s trial counsel did not file a timely notice of appeal, but Weaver was ultimately granted an out-of-time appeal. According to
 
 Jackson v. State,
 
 423 So.2d 129, 131 (Miss.1982), where the grounds for an objection on appeal are included in the record, our review on appeal is not necessarily barred for failure to
 
 *509
 
 raise the grounds in a motion for a new trial or a JNOV. Even if Weaver’s trial counsel was deficient for failing to file post-trial motions, Weaver has not shown this Court how that deficiency resulted in prejudice to his defense since his issues on appeal were included in the record.
 

 Weaver,
 
 996 So.2d at 147 (¶ 19).
 

 ¶ 22. As with
 
 Weaver,
 
 all of the grounds for Martin’s objections on appeal are contained in the record. We addressed Martin’s claims regarding the weight and sufficiency of the evidence, and we found that those issues are without merit. Those are the only issues that Martin argues support his claim of ineffective assistance of counsel. As there is no merit to Martin’s claim of insufficiency of the evidence or his claim that the weight of the evidence did not support the conviction, Martin cannot show that his attorney’s performance prejudiced his defense. Even if we assume that Martin’s attorney’s performance was deficient, Martin cannot satisfy the second prong of
 
 Strickland.
 
 Therefore, he cannot prove ineffective assistance of counsel. We find that this issue is without merit.
 

 ¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS AND MAXWELL, JJ., CONCUR.