66 So.3d 193 (2011)
Debbie MILLS, Appellant
v.
CITY OF WATER VALLEY, Mississippi, Appellee.
No. 2010-KM-00263-COA.
Court of Appeals of Mississippi.
June 14, 2011.
*194 Tommy W. Defer, Water Valley, attorney for appellant.
Daniel M. Martin, attorney for appellee.
EN BANC.
ROBERTS, J., for the Court:
¶ 1. In the Water Valley Municipal Court, Debbie Mills was convicted of simple assault domestic violence for causing physical bodily injury to Timothy Tidwell, her then boyfriend, by biting him and striking him with a closed fist. Mills appealed to the Yalobusha County Circuit Court, which also found her guilty. She then filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a motion for a new trial. The circuit court denied both motions. Mills now appeals.

FACTS AND PROCEDURAL HISTORY
¶ 2. On May 17, 2009, two Water Valley police officers responded to a radio dispatch regarding a physical disturbance between a man and woman at Mills's home. Upon exiting his patrol car, Officer Christopher Blair heard screaming coming from inside the home. Officer Blair and Officer Steven Story entered the home where they saw Mills being restrained by her grandson in an apparent effort to keep her away from Tidwell. The grandson was holding Mills's arms behind her back. Officer Blair testified that Mills was kicking and squirming against her grandson's restraint to get to Tidwell. He also testified that she was cursing and screaming at the officers to get out of her house and that she wanted to kill Tidwell. Tidwell was also screaming and telling the officers to get Mills out of the house. Officer Blair noticed blood coming from Mills's mouth and that one of her teeth was broken in half. The officers arrested Mills and placed her in the back of the patrol car. They then called an ambulance, questioned Tidwell about the events, and took pictures of his injuries. Tidwell declined any medical assistance, and no proof was presented that either party received medical treatment. The circuit court sustained hearsay objections made by Mills's counsel to any statements Tidwell made as regarding who might have bitten or hit him.
¶ 3. In addition to the pictures of Tidwell's injuries entered into evidence, Officer Blair further testified as to Tidwell's injuries. Although he stated that he did not see who had inflicted the injuries to either party, Officer Blair noted that upon his arrival to the home, he observed that Tidwell's shirt was torn; and there were large apparent bite marks on Tidwell's chest and back; a small cut on the cheek, back, and bridge of his nose; and bruises on his back. Officer Blair further testified that Mills had bloodshot eyes and smelled of alcoholic beverage.
¶ 4. On July 9, 2009, the Water Valley Municipal Court convicted Mills of simple assault domestic violence for causing physical bodily injury to Tidwell by biting him and striking him with a closed fist. Following her conviction, Mills filed a petition for an ex parte domestic-violence protective order against Tidwell on July 10, 2009. In her petition, she stated that she and Tidwell had a domestic relationship. She also stated that she sought the protective order because she was "placed, by physical *195 menace or threat, in fear of imminent serious bodily injury" by Tidwell. Mills then appealed her conviction to the circuit court for a de novo trial.
¶ 5. The circuit court conducted a bench trial on October 13, 2009. The sworn affidavit signed by Officer Blair charged Mills with the following: "On the 17th day of May, 2009, did unlawfully, and willfully, did purposely and unlawfully commit an act of domestic violence in that she caused bodily injury to Timothy Tidwell by striking him with closed fist and biting him on several locations of Mr. Tidwell['s] body." At trial, the City's case rested on the testimonies of three witnesses. Officers Blair and Story testified about the events of the night in question. Vivian Snider, city clerk for Water Valley, testified about the ex parte protective order that Mills received protecting her against Tidwell. Tidwell, although subpoenaed to appear and personally served with a witness subpoena the day before trial, failed to appear at the trial and did not testify. Mills rested her case without presenting any evidence and moved the circuit court for a directed verdict on the ground that the City had failed to meet its burden of proof. The circuit judge denied her motion for a directed verdict and found her guilty of simple assault domestic violence. He ordered her to pay a $300 fine plus court costs and attend and complete an anger management program.
¶ 6. Mills filed a motion for a JNOV or, in the alternative, a motion for a new trial. The circuit judge denied both motions. Feeling aggrieved by the denial of her motions, Mills appeals raising the issue that the circuit court erred in denying her motion for a JNOV or motion for a new trial.

ANALYSIS
¶ 7. Mills of was convicted of simple assault domestic violence in violation of Mississippi Code Annotated section 97-3-7 (Supp.2010). Mississippi Code Annotated section 97-3-7(1) provides the elements that must be proven for a conviction of simple assault. The City in this case was required to prove that Mills had committed simple assault by "purposely, or knowingly or recklessly causing bodily injury to [Tidwell] . . ." by striking him with closed fist and biting him. A conviction of simple assault domestic violence requires proof of simple assault against "a person who has a current or former dating relationship with the defendant. . . ." Miss.Code Ann. § 97-3-7(3).
¶ 8. By filing motions for a JNOV or a new trial, Mills is challenging both the legal sufficiency and the weight of the evidence.

I. Motion for a JNOV
¶ 9. Mills first argues that the circuit court erred in denying her motion for a JNOV because the evidence presented at trial was not legally sufficient to support a conviction of simple assault domestic violence. The critical inquiry when considering whether there is sufficient evidence to sustain Mills's conviction is "whether the evidence shows `beyond a reasonable doubt that [Mills] committed the act charged, and that [she] did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.'" Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). When reviewing challenges to the legal sufficiency of the evidence, the evidence and the inferences taken from the evidence must be viewed in the light most favorable to the prosecution. Id. This Court does not have to "[believe] that the evidence at trial established guilt beyond a *196 reasonable doubt"; instead, we must determine if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
¶ 10. "When the [prosecution]'s case rests on circumstantial evidence, the evidence must be sufficient to prove guilt beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis consistent with innocence." Goff v. State, 14 So.3d 625, 647 (¶ 75) (Miss.2009) (citing Billiot v. State, 454 So.2d 445, 461 (Miss. 1984)). The City acknowledges this is a totally circumstantial-evidence case since there is no eyewitness testimony to the gravamen of the offense, i.e., the striking of Tidwell with closed fist or biting him on several locations of his body. In its brief, the City asserts that: "While [Mills] was convicted using circumstantial evidence, the evidence points toward a conclusion beyond a reasonable doubt that Debbie Mills is guilty of domestic simple assault. There was no alternative hypothesis as to how the injuries were received by the victim, Timothy Tidwell." We disagree. The City's case was based solely on the testimony of the two officers who responded to the scene after an apparent physical altercation had occurred between Tidwell and Mills. Neither witness saw Mills strike anybody with a closed fist nor bite anyone. Later, the city clerk issued Mills a protective order against Tidwell after the incident. Tidwell did not testify as to how he had received his injuries; in fact, he was not present at the trial even after being subpoenaed. Objections to what Tidwell told the officers at the scene were sustained. Mills did not confess to committing the assault, nor was there any eyewitness testimony as to the incident or how any of the injuries had occurred.
¶ 11. Further, we find that there are other reasonable hypotheses consistent with Mills's innocence as to how the incident that night occurred. For example, a reasonable hypothesis consistent with innocence is that prior to the police officers's arrival at the home, Tidwell had first attacked Mills. Tidwell and Mills struggled, but when Tidwell refused to release Mills from his grasp, Mills bit and scratched Tidwell to secure her release. After she secured her release, Tidwell then hit her in the mouth, causing her mouth to bleed and her tooth to break. It was at that moment the officers walked in finding Mills angry and combative. We conclude the City failed to carry its burden; thus, we must reverse and render.

II. Motion for a New Trial
¶ 12. Mills also challenged the weight of the evidence when she filed a motion for a new trial. The Mississippi Supreme Court has held that "[w]hen reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Bush, 895 So.2d at 844 (¶ 18). The evidence should be viewed in the light most favorable to the verdict. Id. The resolution of Mills's prior issue renders this issue moot.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF YALOBUSHA COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE AND MAXWELL, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN *197 OPINION JOINED BY MYERS AND BARNES, JJ. RUSSELL, J., NOT PARTICIPATING.
CARLTON, J., dissenting:
¶ 14. I respectfully dissent from the majority and would affirm the conviction in this case.
¶ 15. In Martin v. State, 43 So.3d 504, 507 (¶ 14) (Miss.Ct.App.2010) (quoting Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005)), this Court recognized that in reviewing whether the evidence is sufficient to sustain a conviction, the Mississippi Supreme Court has stated that: "the critical inquiry is whether the evidence shows `beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.'" We further noted that "[t]his inquiry does not require us to ask whether the evidence established the defendant's guilt beyond a reasonable doubt." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). This Court considers "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.
¶ 16. In applying the standard acknowledged above in Martin, to determine the sufficiency of the evidence to sustain the conviction in this case, I find the record reflects sufficient evidence to support her conviction, including the pictures of Timothy Tidwell's injuries entered into evidence and the testimony of both responding officers. Officers Christopher Blair and Steven Story testified that upon their arrival at the scene, they observed Debbie Mills's grandson restraining her. Officer Blair testified that Mills cursed and screamed for the officers to leave her house and stated that she wanted to kill Tidwell, her boyfriend. Officer Blair also testified that he observed that Tidwell's shirt was torn, and his injuries included bite marks on his chest and on his back. He also testified that he saw bruises on Tidwell's back. The display of the defensive nature of Tidwell's wounds, particularly the bite mark on his back, provided probative evidence from which the responding officers, and the trial court, could infer that Mills had acted as the principal aggressor in domestically assaulting and wounding Tidwell. Miss.Code Ann. § 99-3-7 (Supp. 2010) (defining principal aggressor).
¶ 17. Mississippi Code Annotated section 99-3-7(3)(a) sets forth Mississippi's principal-aggressor law applicable to misdemeanor domestic-violence cases. A victim's cooperation is not required to proceed with a complaint or charge of domestic violence. Id. The statute mandates that "any law enforcement officer shall arrest a person . . . when he has probable cause to believe that the person has . . . knowingly committed" an act of misdemeanor domestic violence within the past twenty-four hours. Id. Section 99-3-7(3)(b) provides that if an officer has probable cause to believe that two or more persons committed a misdemeanor act constituting domestic violence then "the officer shall attempt to determine who was the principal aggressor." The statute defines principal aggressor as "the party who poses the most serious ongoing threat, or who is the most significant rather than first aggressor." Id. The statute further provides that "the officer shall presume that arrest is not the appropriate response for the person or persons who were not the principal aggressor. If the officer affirmatively finds more than one (1) principal aggressor was involved, the officer shall document those findings." Section 99-3-7(6) clarifies *198 that the victim's cooperation is not required to file a complaint for domestic violence"[a]ny officer investigating a complaint of a misdemeanor crime of domestic violence who finds probable cause that such an offense occurred within the past twenty-four (24) hours shall file an affidavit on behalf of the victim(s) of the crime[.]" See Miss. Att'y Gen. Op., 2002 WL 31169195, XXXX-XXXX, Hunter (Feb. 8, 2002) (Principal aggressor does not mean first aggressor but rather the one most responsible for the aggression or substantially significant use or escalation of aggression.). See also 4 Ency. of Miss. Law § 30:18 (2001) (Jeffrey Jackson and Mary Miller eds.) (principal-aggressor law discussed).
¶ 18. I respectfully submit that the evidence, and the logical inferences drawn therefrom, in this case are sufficient to sustain the Mills's conviction for simple assault, charged pursuant to section 97-3-7, based upon the arresting officers' sworn testimonies as to their observations of Tidwell's injuries, including the bite marks; the officers' observations of Mills's combative emotional state and threats against Tidwell, including her threats to kill him; and the actual evidence of the photographs of Tidwell's injuries. Based thereon, I would affirm Mills's conviction by the circuit court of simple assault domestic violence for causing physical bodily injury to Tidwell by biting him and striking him with a closed fist. See Martin, 43 So.3d at 508 (¶ 18) (evidence sufficient to establish defendant did not act in self-defense); Ward v. State, 935 So.2d 1047, 1055-56 (¶¶ 21-24) (Miss.Ct.App.2005) (case indicative of probative value of circumstantial defensive wounds). See Camper v. State, 24 So.3d 1072, 1077 (¶¶ 22-23) (Miss.Ct. App.2010) (While the defendant and the State presented conflicting testimony in defendant's aggravated-assault trial, the verdict was not against the overwhelming weight of the evidence where the State's proof met the elements of aggravated assault because the jury was the sole judge of the witnesses' credibility); Walters v. State, 932 So.2d 860, 863 (¶ 11) (Miss.Ct. App.2006) (recognizing that fact-finder can infer the purposeful or knowing intent to injure another in determining sufficiency of guilty verdict); Vaughn v. State, 926 So.2d 269, 272 (¶ 8) (Miss.Ct.App.2006) (Defendant's argument that the evidence was insufficient lacked merit where the State presented credible evidence that the defendant had stabbed victim with a knife, even if victim had struck defendant prior to the stabbing, since jury could have found that the defendant was not in imminent danger and used more force than necessary to repel the victim's assault.); Dunn v. State, 891 So.2d 822, 825-26 (¶¶ 21-23) (Miss.2005) (finding no error in the court's denial of a defendant's motion for a judgment notwithstanding the verdict because the State provided the elements of aggravated assault charged). Therefore, I must dissent, and I would affirm the conviction and sentence in this case.
MYERS AND BARNES, JJ., JOIN THIS OPINION.