CARLTON, J.,
dissenting:
¶ 14. I respectfully dissent from the majority and would affirm the conviction in this case.
¶ 15. In Martin v. State, 43 So.3d 504, 507 (¶ 14) (Miss.Ct.App.2010) (quoting Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005)), this Court recognized that in reviewing whether the evidence is sufficient to sustain a conviction, the Mississippi Supreme Court has stated that: “the critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.’ ” We further noted that “[t]his inquiry does not require us to ask whether the evidence established the defendant’s guilt beyond a reasonable doubt.” Id. (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). This Court considers “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond_ a reasonable doubt.” Id.
¶ 16. In applying the standard acknowledged above in Martin, to determine the sufficiency of the evidence to sustain the conviction in this case, I find the record reflects sufficient evidence to support her conviction, including the pictures of Timothy Tidwell’s injuries entered into evidence and the testimony of both responding officers. Officers Christopher Blair and Steven Story testified that upon their arrival at the scene, they observed Debbie Mills’s grandson restraining her. Officer Blair testified that Mills cursed and screamed for the officers to leave her house and stated that she wanted to kill Tidwell, her boyfriend. Officer Blair also testified that he observed that Tidwell’s shirt was torn, and his injuries included bite marks on his chest and on his back. He also testified that he saw bruises on Tidwell’s back. The display of the defensive nature of Tidwell’s wounds, particularly the bite mark on his back, provided probative evidence from which the responding officers, and the trial court, could infer that Mills had acted as the principal aggressor in domestically assaulting and wounding Tid-well. Miss.Code Ann. § 99-3-7 (Supp.2010) (defining principal aggressor).
¶ 17. Mississippi Code Annotated section 99-3-7(3)(a) sets forth Mississippi’s principal-aggressor law applicable to misdemeanor domestic-violence cases. A victim’s cooperation is not required to proceed with a complaint, or charge of domestic violence. Id. The statute mandates that “any law enforcement officer shall arrest a person ... when he has probable cause to believe that the person has ... knowingly committed” an act of misdemeanor domestic violence within the past twenty-four hours. Id. Section 99 — 3—7(3)(b) provides that if an officer has probable cause to believe that two or more persons committed a misdemeanor act constituting domestic violence then “the officer shall attempt to determine who was the principal aggressor.” The statute defines principal aggressor as “the party who poses the most serious ongoing threat, or who is the most significant rather than first aggressor.” Id. The statute further provides that “the officer shall presume that arrest is not the appropriate response for the person or persons who were not the principal aggressor. If the officer affirmatively finds more than one (1) principal aggressor was involved, the officer shall document those findings.” Section 99-3-7(6) clari- *198 fíes that the victim’s cooperation is not required to file a complaint for domestic violence — “[a]ny officer investigating a complaint of a misdemeanor crime of domestic violence who finds probable cause that such an offense occurred within the past twenty-four (24) hours shall file an affidavit on behalf of the victim(s) of the crime[.]” See Miss. Att’y Gen. Op., 2002 WL 31169195, 2002-0421, Hunter (Feb. 8, 2002) (Principal aggressor does not mean first aggressor but rather the one most responsible for the aggression or substantially significant use or escalation of aggression.). See also 4 Ency. of Miss. Law § 30:18 (2001) (Jeffrey Jackson and Mary Miller eds.) (principal-aggressor law discussed).
¶ 18. I respectfully submit that the evidence, and the logical inferences drawn therefrom, in this case are sufficient to sustain the Mills’s conviction for simple assault, charged pursuant to section 97-3-7, based upon the arresting officers’ sworn testimonies as to their observations of Tid-well’s injuries, including the bite marks; the officers’ observations of Mills’s combative emotional state and threats against Tidwell, including her threats to kill him; and the actual evidence of the photographs of Tidwell’s injuries. Based thereon, I would affirm Mills’s conviction by the circuit court of simple assault domestic violence for causing physical bodily injury to Tidwell by biting him and striking him with a closed fist. See Martin, 43 So.3d at 508 (¶ 18) (evidence sufficient to establish defendant did not act in self-defense); Ward v. State, 935 So.2d 1047, 1055-56 (¶¶ 21-24) (Miss.Ct.App.2005) (case indicative of probative value of circumstantial defensive wounds). See Camper v. State, 24 So.3d 1072, 1077 (¶¶ 22-23) (Miss.Ct.App.2010) (While the defendant and the State presented conflicting testimony in defendant’s aggravated-assault trial, the verdict was not against the overwhelming weight of the evidence where the State’s proof met the elements of aggravated assault because the jury was the sole judge of the witnesses’ credibility); Walters v. State, 932 So.2d 860, 863 (¶ 11) (Miss.Ct.App.2006) (recognizing that fact-finder can infer the purposeful or knowing intent to injure another in determining sufficiency of guilty verdict); Vaughn v. State, 926 So.2d 269, 272 (¶ 8) (Miss.Ct.App.2006) (Defendant’s argument that the evidence was insufficient lacked merit where the State presented credible evidence that the defendant had stabbed victim with a knife, even if victim had struck defendant prior to the stabbing, since jury could have found that the defendant was not in imminent danger and used more force than necessary to repel the victim’s assault.); Dunn v. State, 891 So.2d 822, 825-26 (¶¶ 21-23) (Miss.2005) (finding no error in the court’s denial of a defendant’s motion for a judgment notwithstanding the verdict because the State provided the elements of aggravated assault charged). Therefore, I must dissent, and I would affirm the conviction and sentence in this case.
MYERS AND BARNES, JJ., JOIN THIS OPINION.