SOUTHWICK, P.J.,
for the Court:
¶ 1. Terrance Chaney was convicted of robbery by a Lauderdale County Circuit Court jury. On appeal he argues that the evidence was insufficient and that an instruction inadequately explained the elements of robbery. We find no error and affirm.
*417 FACTS
¶ 2. Samuel Gaines, who was 87 years old, was alone at home in Lauderdale County on the night of December 17, 1996, when Terrance Chaney knocked on the door. Mr. Gaines had paid Chaney in the past to drive him when that was needed, so he allowed Chaney entrance. Once inside, Chaney without saying anything just reached into Mr. Gaines’s pocket, took his billfold, and left. Mr. Gaines was aware of Chaney’s actions, did not grant permission to have his wallet taken, but also did not try to stop him. Only two dollars in food stamps were in the wallet, so Chaney immediately re-entered the home and asked Mr. Gaines where he kept his money. Mr. Gaines responded that he had no money. Chaney again reached into Mr. Gaines’s pants’ pocket, turned it inside out and got the change that was inside, and caused Mr. Gaines to fall to the floor. After these events, Chaney broke the telephone line.
¶ 3. Mr. Gaines testified that while he was not afraid, Chaney had made him nervous and upset.
¶ 4. The trial court gave an instruction on the crime of robbery and also on the lesser included offense of larceny. Chaney was convicted of robbery.
DISCUSSION

1. Sufficiency of evidence

¶ 5. Chaney challenges the sufficiency of the evidence, alleging that he was entitled to a peremptory instruction or judgment notwithstanding the verdict on the charge of robbery. The contention is that the evidence did not establish that Chaney took Mr. Gaines’s money “against his will, by violence to his person or by putting such person in fear of some immediate injury to his person,” which is necessary for proof of robbery. Miss.Code Ann. § 97-3-73 (Rev.1994).
¶ 6. The statute creates two alternative bases upon which to find guilt: violence or placing in fear. Here, the jury instruction relied solely on violence as the means to cause the robbery, perhaps because Mr. Gaines stated that he had not been afraid of Chaney.
¶ 7. Chaney argues that there was no evidence of violence. There are two possibilities to consider under this evidence, either that a robbery occurred or that Chaney was guilty only of what is commonly called pickpocketing. The Mississippi Supreme Court addressed the distinction between robbery and a pickpocket offense by quoting a Pennsylvania case at some length:
The force used in taking the purse from the victim’s arm was a harmful touching of the person, accompanied with sufficient force to compel the victim to part with the conscious control of her property, and supports a robbery conviction under § 3701. This conduct substantially differs from the case of the,thief who merely takes the property of another with intent permanently to deprive him thereof, using no force or threat of force on the victim — like the pickpocket.... Such conduct is non-violent, poses no threat to the victim who is unaware of the taking, and is accordingly graded less severely than robbery. A victim who is aware of the taking of property from his person is apt to reflex action to protect himself and his property and thus may be injured by the felon.... [Rjobbery has always been considered a greater harm against society because violence is caused or threatened. The ordinary citizen has the right to go about his way free from the fear of attack to his person from those who would deprive him of control over his goods. That right is violated even by the slight tug on the arm by the purse thief who must use force to wrench the purse from the arm of the victim without regard to her safety.
Mackbee v. State, 575 So.2d 16, 36 (Miss.1990), quoting Commonwealth v. Brown, 506 Pa. 169, 484 A.2d 738, 742 (1984). The court also cited approvingly another Pennsylvania case that held that the “force *418 however slight [necessary for robbery] does not include the taking by stealth alone because a taking by stealth alone is not as likely to result in injury to the victim as the taking by force.” Mackbee, 575 So.2d at 36, citing Commonwealth v. Smith, 333 Pa.Super. 155, 481 A.2d 1352 (1982).
¶ 8. Thus robbery requires only extremely slight force or violence, but does not include stealth. Pickpocket offenses are generally prosecuted under larceny statutes because of the lack of violence. LaFave and Scott, 2 Substantive Criminal Law § 8.11(d)(1) (1986). When the victim is aware that someone is attempting to take property from their person and does not indicate any consent to the taking, the crime of pickpocketing or larceny is elevated to robbery because violence or the threat of violence, even though slight, was a factor in the taking. Id.
¶ 9. In this case, there was nothing stealthful about Chaney’s actions. Mr. Gaines did not give Chaney permission to take his billfold or to turn his pocket inside out and take the coins. There was force in the reaching into Mr. Gaines’s pocket, in extracting the wallet, and then later in turning the pocket inside out and taking the coins. Mr. Gaines was asked at trial whether Chaney’s taking of money from his pocket “cause[d] you to fall down?” He responded, “Yes sir. That’s what caused me to fall down.” It is also true that Mr. Gaines testified that he fell because he was “old” and that Chaney had not pushed him. Still, it was evident that Chaney’s actions are what caused Mr. Gaines to fall even if there was no pushing of the victim to the floor.
¶ 10. Taking all the evidence together the jury could conclude, despite Mr. Gaines’s perhaps laudatory refusal to concede fear from Chaney’s actions, that the money was taken by removal from the pocket with enough force to cause the victim to lose his balance or otherwise fall, with Mr. Gaines aware of the taking but in no physical condition to resist. That is robbery,

2. Jury instruction

¶ 11. Chaney also complains of error in instruction S-1B that was given to the jury:
The Court instructs the jury that should you find from the evidence in this case, beyond a reasonable doubt, that:
1. On or about January 16, 1997 in Lauderdale County, Mississippi
2. The Defendant, Terrance D. Chaney, did wilfully and unlawfully take the personal property (money) of Samuel Gaines from his person or presence and against his will by violence causing him to fall to the floor, then it is your sworn duty to find the Defendant Terrance D. Chaney, guilty of Robbery. Should the state fail to prove any one (1) or more of these essential elements beyond a reasonable doubt, then you shall find the Defendant, Terrance D. Chaney, not guilty of Robbery.
¶ 12. Chaney argues that this instruction could be read as peremptorily instructing the jury that Mr. Gaines’s fall constituted the necessary violence. Chaney insists that the jury should have been told that the violence must be what caused the taking, not just that a fall occurred during the taking.
¶ 13. By analogy, Chaney relies upon a precedent in which the court required that an instruction on robbery set forth the cause and effect relationship between the taking and the putting into fear if fear was the means alleged for the robbery. Jones v. State, 567 So.2d 1189, 1191-92 (Miss.1990). Chaney argues that the same reasoning applies requiring a causal relation between the violence and the taking. This instruction explained that Chaney must have taken “the personal property (money) of Samuel Gaines from his person or presence and against his will by violence causing him to fall to the floor....” A reasonable interpretation of what the jury had to *419 find is that the taking was by violence that also caused Mr. Gaines to fall.
¶ 14. The jury could find that Chaney’s reaching into Mr. Gaines’s pocket was in order to get any valuables there, and that the action caused the elderly man either to lose his balance or otherwise to fall. Chaney did not have to push Mr. Gaines in order to be responsible for the fall; the commencement of the fall did not have to be a split-second before the money was taken as opposed to simultaneous with or a split-second after. The whole event was continuous. The slight force necessary to remove the money without Gaines’s consent together with causing the fall is the violence of the robbery. That makes a causal relation between the violence and the taking. The trial court did not err in giving the instruction
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF ROBBERY AND SENTENCE AS AN HABITUAL OFFENDER TO 15 YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.