ROBERTS, J.,
for the Court:
¶ 1. Charles Davis Jr. was indicted by a Claiborne County grand jury on one count of robbery. At trial, the jury found Davis guilty, and he was sentenced by the Claiborne County Circuit Court to ten years in the custody of the Mississippi Department of Corrections (MDOC). Feeling aggrieved, Davis now appeals.
FACTS AND PROCEDURAL HISTORY
¶ 2. On the night of June 23, 2009, sixteen-year-old Joel Alexander was driving to find his friends that were still at work in a local watermelon field. Alexander testified that on his way to the watermelon field, he was flagged down by a black man. Alexander stopped his truck, and the man approached the open passenger window. This man, later identified as Davis, asked Alexander for . a ride. Alexander declined giving Davis a ride. Alexander testified that Davis then reached into Alexander’s window and grabbed the 270 Winchester rifle leaning against the passenger seat. Davis grabbed the rifle by the stock. Alexander grabbed the rifle by the barrel. The men tussled over the rifle until Alexander let go of the barrel after Davis made physical threats of harm. Alexander testified that he let go of the rifle because he knew there was one bullet in the rifle and “if [Davis] pulled the trigger, he could [have] kill[ed] me.”
¶ 3. On June 24, 2009, Port Gibson Investigator Terrance Watson received a phone call from Jo’Pravious Hyder asking if he was looking for a stolen 270 rifle. Hyder testified that Davis’s children showed him the rifle. He further testified that he called Investigator Watson about the rifle because he knew that if Davis’s children had it, then it was stolen. Hyder *571 brought the rifle to Investigator Watson on June 25, 2009. Investigator Watson then contacted Alexander and had him come to identify the rifle.
¶ 4. Alexander went to the police station on June 25, 2009, to give a statement describing the events of June 23, 2009. He confirmed that the rifle was in fact his since his name was carved in it. Alexander completed his statement and was then shown a photographic line-up consisting of six different pictures. He identified Davis out of the line-up as the man that had taken his rifle.
¶ 5. During the May term of court in 2009, the Claiborne County Grand Jury indicted Davis on one count of robbery in violation of Mississippi Code Annotated section 97-3-73 (Rev.2006). At trial, a twelve-person jury found Davis guilty of robbery. The circuit judge sentenced him to ten years in the custody of the MDOC.
¶ 6. Feeling aggrieved, Davis appeals raising the following issues, which we state verbatim:
I. Whether the evidence proved the commission of a robbery as [o]p-posed to larceny.
II. Whether the verdict is supported by the weight of the evidence.
Finding no error, we affirm.
STANDARD OF REVIEW
¶ 7. When the circuit judge is presented with a motion for a directed verdict, “the critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that the accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.’ ” Tipton v. State, 41 So.3d 679, 680 (¶ 4) (Miss.2010) (quoting Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005)). On appellate review, the review of a circuit judge’s denial of a motion for directed verdict requires the evidence to be viewed in the light most favorable to the prosecution. Id. (¶ 5). “If the facts and inferences ‘point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty,’ this Court must reverse and render.” Id. (quoting Bush, 895 So.2d at 843 (¶ 16)).
DISCUSSION
I. EVIDENCE INSUFFICIENT TO PROVE ROBBERY
¶ 8. Davis first raises the issue that the State failed to prove all the necessary elements of robbery; thus, the circuit judge erred in denying his motion for a directed verdict. Davis was convicted of robbery under Mississippi Code Annotated section 97-3-73 which reads: “Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery.” He argues that the State failed to prove that the taking of the rifle was effectuated through the use of violence or fear which is an element of robbery, and without proof of that element, he could only be found guilty of larceny.
¶ 9. Davis relies on Clayton v. State, 759 So.2d 1169, 1174 (¶ 16) (Miss.1999), to support his argument that the State failed to prove an element of robbery. In that case, Thomas Clayton was convicted of robbery for stealing the purse from a woman that he approached from behind. Id. at 1170 (¶¶ 2-4). He appealed, and the Mississippi Supreme Court reversed the conviction finding that State did not prove every element of the crime of robbery. Id. at *572 1174 (¶ 17). The Clayton case is unique in that although the State proved that Clayton had taken the victim’s purse through violence, it failed to prove that the taking occurred by placing the victim in fear of immediate injury. Id. at 1172 (¶ 8). Generally proof of either element would be sufficient, but Clayton’s indictment did not allege that the taking occurred by violence, only that the taking occurred by placing the victim in fear of immediate injury. Id. at 1171 (¶ 7). The supreme court found that the since the State failed to prove the taking occurred by placing the victim in fear of immediate injury as alleged in the indictment, then the State also failed to “prove each element of the offense charged in the indictment beyond a reasonable doubt[,]” as required by due process. Id. at 1173 (¶¶ 12-13). The supreme court ultimately reversed Clayton’s conviction and remanded the case for sentencing on the lesser-included charge of grand larceny. Id. at 1174 (¶ 17).
¶ 10. In the current case, Davis’s indictment only alleges that he took the property “by violence to the person of the said Joel Alexander[.]” However, unlike the Clayton case, the State did prove all the elements of the offense charged in Davis’s indictment. It is well-settled case law that:
When the victim is aware that someone is attempting to take property from their person and does not indicate any consent to the taking, the crime of pickpocketing or larceny is elevated to robbery because violence or the threat of violence, even though slight, was a factor in the taking.
Cabrere v. State, 920 So.2d 1062, 1065 (¶ 16) (Miss.Ct.App.2006) (quoting Chaney v. State, 739 So.2d 416, 418 (¶ 8) (Miss.Ct.App.1999)).
¶ 11. To prove the taking was done through violence requires proof of some use of force, no matter how slight. Shelton v. State, 728 So.2d 105, 112 (¶ 27) (Miss.Ct.App.1998). It is undisputed that Alexander was aware that Davis was attempting to take the rifle and did not consent to his taking it. The two tussled over the rifle until Alexander let go of his end in fear of being shot. This evidence is sufficient to prove that the taking was effectuated through violence.
¶ 12. We find this issue without merit.
II. WEIGHT OF THE EVIDENCE
¶ 13. Davis next asserts that the verdict is not supported by the weight of the evidence. This argument is, in essence, a motion for a new trial. The supreme court has held that: “When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush, 895 So.2d at 844 (¶ 18).
¶ 14. Although Davis raises this issue in his brief, he failed to file a motion for a new trial at the trial level. In Hughey v. State, 729 So.2d 828, 830 (¶6) (Miss.Ct.App.1998), this Court held that the failure to file a motion for a new trial bars raising this issue on appeal. There are certain errors that must be raised in front of the circuit judge in a motion for a new trial, including challenges to the weight of the evidence. Jackson v. State, 423 So.2d 129, 132 (Miss.1982). The record before us is devoid of any motion for a new trial; thus, we can only conclude that one was not filed. Therefore, we find Davis is procedurally barred from raising this issue.
¶ 15. THE JUDGMENT OF THE CLAIBORNE COUNTY CIRCUIT COURT OF CONVICTION OF ROBBERY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE *573 MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.