# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-01040-COA

JOSHUA DANIEL GRAHAM A/K/A JOSHUA D. GRAHAM A/K/A JOSHUA GRAHAM

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/28/2013 |
| TRIAL JUDGE: | HON. ROBERT P. CHAMBERLIN |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE MCMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MELANIE DOTSON THOMAS |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF AGGRAVATED ASSAULT UPON A POLICE OFFICER, AND SENTENCED TO EIGHTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FOLLOWED BY TWELVE YEARS OF POST-RELEASE SUPERVISION, AND TO PAY A $1,000 FINE AND $100 TO THE CRIME VICTIMS' COMPENSATION FUND |
| DISPOSITION: | AFFIRMED - 11/18/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND CARLTON, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1. A DeSoto County jury found Joshua Graham guilty of aggravated assault upon a police officer in violation of Mississippi Code Annotated section 97-3-7 (Rev. 2014). Graham filed a motion for a judgment notwithstanding the verdict or, in the alternative, a

new trial, which the circuit court denied.[1] Graham appeals, challenging the weight of the evidence presented against him during trial.

¶2.    Finding no error, we affirm.

FACTS

¶3.    During the early morning of February 27, 2012, Officer Mitzi Stewart, a police officer with the Southaven Police Department, spotted a blue Ford Crown Victoria, with no tag, driving slowly through the parking lot of a convenience store located near Church Road in Southaven, Mississippi. The store was closed at the time. After the car came to a stop, Officer Stewart parked her patrol car behind the car and radioed to dispatch. As Officer Stewart did this, Graham exited the car and walked towards Officer Stewart's patrol car. The driver-side door of Graham's car remained open. Officer Stewart exited her patrol car and initiated dialogue with Graham, who informed her that he was searching for an air machine in order to put air in his front driver-side tire. Upon inspection, Officer Stewart determined that the tire was not low. Graham stated that he was a resident of Memphis, Tennessee, and that he was in the area visiting his girlfriend, who was a student at a local college. Upon inquiry by Officer Stewart, Graham was unable to provide his girlfriend's name, the name of the college she attended, or her major. Graham also told Officer Stewart that the car Graham was driving belonged to Graham's girlfriend. When asked to provide identification, Graham stated that his girlfriend had his license in her bag.

---

[1] Graham was also charged with kidnapping in violation of Mississippi Code Annotated section 97-3-53 (Rev. 2014). The jury acquitted him of this charge.

¶4. Officer Stewart asked Graham if she could search him for weapons, and Graham stated that she could. She conducted a pat-down of Graham's person as he stood toward the rear of his car. Officer Stewart felt a small baggy in Graham's pants pocket. She asked Graham to empty his pockets, and he complied, revealing what appeared to Officer Stewart to be marijuana and giving Officer Stewart probable cause to arrest him. As she reached for her handcuffs to arrest Graham, he dashed to his car and entered the car through the open driver-side door.

¶5. During trial, Officer Stewart testified that as Graham dashed to the front of his car, she attempted to grab him with her left hand. As Graham entered his car, he pulled Officer Stewart into the car with him, trapping her right arm behind his back. According to Officer Stewart, the upper part of her body was inside Graham's car, while the lower part was outside the car. Officer Stewart stated that while she was in this position, Graham began to accelerate slowly, forcing her to run beside the car to avoid being dragged on the pavement. At some point, Graham turned the car onto Church Road. Officer Stewart testified that as Graham increased his speed, she made the decision to jump inside the car, landing in Graham's lap. The driver-side door remained open, and the car continued to travel down Church Road. Inside the moving car, a physical altercation ensued, and according to Officer Stewart, Graham repeatedly punched her in her face with his fist and kicked her numerous times, causing bruising, black eyes, and a broken nose. These injuries were reflected in photographs that were presented by the State during trial and admitted into evidence. Officer Stewart testified that she tried to gain control of the car as Graham continued to physically

3

assault her and as she pleaded for her life. At some point, Officer Stewart was able to retrieve her weapon, request backup, and subdue Graham, whom she held at gunpoint until backup arrived. Officer Stewart was transported to a local hospital where she was treated for her injuries.

¶6.    Officer Jeff Logan, who served as Officer Stewart's backup, testified that he spoke with Graham at the Southaven Police Department where, according to Officer Logan, Graham admitted that he had attempted to flee from Officer Stewart and that he had struck Officer Stewart in her face. Officer Logan stated that Graham denied striking Officer Stewart more than once. Officer Logan identified physical evidence recovered from scene of the incident, including a "green leafy substance consistent with marijuana."

¶7.    After the State rested its case, Graham did not move for a directed verdict as to the aggravated-assault charge, although the circuit court indicated that the State had made a prima facie case as to the aggravated-assault charge. Following this ruling, Graham testified in his own behalf.

¶8.    According to Graham, at no point during the incident was any part of Officer Stewart's body outside the car. Graham testified that, in hitting Officer Stewart, he was simply attempting to "defend" himself, but he insisted that he had hit her only once. Graham had no explanation for Officer Stewart's other injuries. On cross-examination, Graham also insisted that Officer Stewart voluntarily entered his car during his attempt to evade arrest.

¶9.    During trial, the circuit court instructed the jury:

If you find that the State has failed to prove, beyond a reasonable doubt, any

4

one or more of the elements of the crime of Aggravated Assault on a Law Enforcement Officer, you will find the Defendant not guilty of this original charge and may proceed with your deliberations to decide whether the State has proven, beyond a reasonable doubt, all of the elements of the lesser offense of Simple Assault on a Law Enforcement Officer.

\*\*\*\*

If the State has failed to prove, beyond a reasonable doubt, any one or more of the elements of the crime of Simple Assault on a Law Enforcement Officer, then you shall find the Defendant, Joshua Daniel Graham, not guilty.

¶10. Following trial, Graham filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, challenging the weight and the sufficiency of the evidence. The circuit court denied that motion. As stated, on appeal, Graham challenges the weight of the evidence presented against him during trial.

DISCUSSION

¶11. The State argues that Graham's appeal is procedurally barred because Graham never moved for a directed verdict as to the aggravated-assault charge. Apparently, the State is referring to Graham's failure to move for a directed verdict at the close of the evidence, as the record is clear that Graham filed a post-trial motion challenging both the weight and sufficiency of the evidence offered against him. The filing of the post-trial motion for a new trial preserved the issue for review on appeal. *Collins v. State*, 594 So. 2d 29, 36 (Miss. 1992) (citing *Jackson v. State*, 423 So. 2d 129, 131 (Miss. 1982)). Therefore, we find that Graham is not procedurally barred from raising on appeal the issue as to the weight of the evidence. Nevertheless, we find this issue to be without merit.

¶12. "When reviewing challenges to the weight of the evidence, we 'will only disturb a

5

verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.'" *Cannon v. State*, 141 So. 3d 442, 444 (¶9) (Miss. Ct. App. 2013) (quoting *Vaughn v. State*, 926 So. 2d 269, 271 (¶4) (Miss. Ct. App. 2006)). The evidence must be viewed in the light most favorable to the verdict. *See Long v. State*, 52 So. 3d 1188, 1192 (¶11) (Miss. 2011).

¶13. Section 97-3-7 states, "A person is guilty of aggravated assault if he . . . attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm[.]" Miss. Code Ann. § 97-3-7 (Rev. 2014). The penalty is enhanced if the assault is upon a law enforcement officer. Miss. Code Ann. § 97-3-7(14)(a) (Rev. 2014).

¶14. Graham argues that the evidence shows that he did not cause or attempt to cause serious bodily injury to Officer Stewart with a deadly weapon or with other means likely to produce death or serious bodily harm. According to Graham, his fists and feet, which he used to cause injury to Officer Stewart, were not deadly weapons and were not means likely to produce death or serious bodily harm. Additionally, Graham insists that the evidence only supports a conviction for simple assault because Officer Stewart's injuries were minor. Graham asks this Court to reverse and remand this case for a new trial or, alternatively, to remand this case with instructions to convict him on a charge of simple assault upon a law enforcement officer.

¶15. In response, the State argues that the evidence revealed that Officer Stewart was severely injured by Graham during the altercation, and that she had to receive medical

6

treatment for her injuries. Citing *Jackson v. State*, 594 So. 2d 20, 23 (Miss. 1992),[2] the State argues that the jury properly found that Graham's "intentional actions were likely to produce serious bodily harm." We agree. As evidenced by Jury Instruction 11, the jury was given the opportunity to consider the lesser offense of simple assault. In viewing the evidence in the light most favorable to the verdict, we find that the verdict in this case was not so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Accordingly, we affirm.

¶16. **THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF AGGRAVATED ASSAULT UPON A LAW ENFORCEMENT OFFICER AND SENTENCE OF EIGHTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FOLLOWED BY TWELVE YEARS OF POST-RELEASE SUPERVISION, AND TO PAY A $1,000 FINE AND $100 TO THE CRIME VICTIMS' COMPENSATION FUND IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE OPINION.**

---

[2] In *Jackson*, the defendant assaulted his ex-wife by "hit[ting] her in the head with his fists 'real hard,' and call[ing] her a 'stupid b-----.'" *Jackson,* 594 So. 2d at 22. The defendant banged his ex-wife's head against a wall repeatedly, creating a split in the wall. *Id*. The ex-wife was later taken to the emergency room, complaining of a severe headache. Examinations revealed that she could not hear out of her left ear. *Id.* She was treated for "multiple bruises and contusions to her [body,] a subconjunctival hemorrhage of the left eye[,] and a definite rupture of the left eardrum[.]" *Id.* Our supreme court held that "a violent and aggravated assault committed with one's fists may constitute [aggravated assault]." *Id*. at 23.